UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TORRELL SYLVESTER                                          CIVIL ACTION

VERSUS                                                              NO. 12-2534

LT. DENISE BOUDREAUX                                 SECTION "E" (1)

### REPORT AND RECOMMENDATION

Plaintiff, Torrell Sylvester, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Denise Boudreaux (who was incorrectly identified in the complaint as "Dennise Bourdaux").  Plaintiff claimed that he was injured when the bars were closed on him as he was exiting a cell at the Lafourche Parish Detention Center.

On March 18, 2013, the Court issued an Order scheduling a status conference in this matter for April 4, 2013.[1]  However, on March 26, 2013, that conference was canceled after the Court was notified that plaintiff was no longer incarcerated at the Lafourche Parish Detention Center, his address of record.  Plaintiff was therefore ordered to notify the Court of his current address on or before May 3, 2013, so that the conference could be rescheduled and this litigation could proceed.[2]  To date, plaintiff has not notified the Court of his current address and, as a result, his whereabouts are unknown.

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 9.

Clearly, plaintiff is in violation of Local Rule 11.1, which provides: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Moreover, he was aware that his failure could result in dismissal of this lawsuit, in that he acknowledged in his complaint: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."[3]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely to his

---

[3] Rec. Doc. 1, p. 4.

failure, his whereabouts are unknown, and this Court has no way to advance this case on the docket. Accordingly, the complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this seventh day of June, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.